UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TEDDY RAGAN, | ) |
| | ) |
| Plaintiff, | ) No. 3:14-cv-00694 |
| | ) Judge Sharp |
| v. | ) |
| | ) |
| STATE OF TEXAS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# **M E M O R A N D U M**

The plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate at the Davidson County Sheriff's Office in Nashville, Tennessee. He brings a complaint purporting to assert claims for civil rights violations under 42 U.S.C. § 1983 against the following defendants: the State of Texas; the State of Tennessee; Metro Government of Texas; the District Attorney of Gracin County, Texas; "Mayberry & Red Wine Att at Law," Child Protective Services in Gracin County, Texas; Debra Miller; and Terry Miller. The plaintiff's complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

## **I.     Initial Review**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (B)(ii). A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or

1

delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Section 1915A also requires an initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915(A)(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915(A)(b).

Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979)(citation omitted.)

## II.    Facts Alleged in the Complaint

According to the plaintiff, on an unspecified date in 1994 in Gracin County, Texas, neighbors Terry and Debra Miller falsely accused the plaintiff of child molestation. The plaintiff subsequently was tried and convicted by the State of Texas for these crimes. He claims that the "Child Protective Services" in Gracin County, Texas, did not properly investigate the charges against him or charges he made against the neighbors. He further claims that the neighbors broke into his residence and stole things that belonged to him. As a result, the plaintiff alleges that his due process rights have been violated. Although the plaintiff indicates that he seeks a jury trial, the plaintiff does not specify the type of relief he seeks or from whom he might seek any relief.

## III.   Section 1983 Standard

The plaintiff entitles his complaint: "Complaint for Violation of Civil Rights Filed Pursuant to 42 U.S.C. § 1983." (Docket No. 1 at p.1). To state a claim under § 1983, the plaintiff must

allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**IV.    Analysis**

Although the plaintiff does not explicitly request a remedy in this case that would result in his release from custody,[1] the plaintiff alleges that he was unjustly charged and convicted of crimes against children in Texas.[2] The plaintiff alleges that defendants State of Texas, Metro Government of Texas, the District Attorney of Gracin County, Texas, and Child Protective Services in Gracin County, Texas played a role in his unjust conviction. However, the law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). A § 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable).

Additionally, a state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive

---

[1] In fact, the plaintiff fails to identify what type of relief he seeks and from whom.

[2] It is unclear from the current record before the court why the plaintiff currently is incarcerated in Nashville, Tennessee.

3

order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck*, 512 U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). More recently, the United States Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Given that the plaintiff has not demonstrated that his Texas conviction has been favorably terminated and that at least some of the plaintiff's claims appear to challenge his conviction and the duration of his confinement and sentence, under *Heck*, 512 U.S. 477, 486-87, those claims should not have been brought under 42 U.S.C. § 1983. *See Heck*, 512 U.S. at 489-90; *Preiser*, 411 U.S. at 488-90. Accordingly, any and all such claims alleged in the plaintiff's complaint will be dismissed for failure to state a claim on which relief may be granted. *See Taylor v. Oakland County Circuit Court*, 831 F.2d 297 (6th Cir. 1987)(where claims raised in plaintiff's § 1983 action were "actually a challenge to the validity of his conviction and therefore more appropriately the subject of a petition for a writ of habeas corpus[,]" the court dismissed the plaintiff's complaint "without prejudice to refile his complaint should he establish the validity of these claims by means of a petition for a writ of habeas corpus").

Based on the allegations in the complaint, Terry and Debra Miller, named as defendants in this action, are private citizens and therefore cannot be "persons acting under color of state law" pursuant to § 1983. Thus, all civil rights claims against Terry and Debra Millers will be dismissed.

Additionally, the plaintiff's complaint lists "Mayberry & Red wine ATT.@law," presumably a law firm, and the State of Tennessee as defendants. However, the complaint does not identify what actions these defendants took that might have given rise to any claims against them. On that basis

4

alone, the complaint fails to state claims against these defendants. All claims against "Mayberry & Red wine ATT.@law" and the State of Tennessee will be dismissed.

**V.      Conclusion**

For these reasons, the court finds that the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915. In the absence of an actionable claim, the court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, the plaintiff's complaint will be dismissed. The plaintiff's claims concerning the validity of his continued confinement would be more appropriately brought in a petition for writ of *habeas corpus*, not in a civil rights complaint.

An appropriate Order will be entered.

_____
Kevin H. Sharp
United States District Judge